FILED

2018 OCT 24  PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SA CR 18-00226 JVS** |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 545: Importing Merchandise Contrary to Law; 21 U.S.C. §§ 331(a), 333(a)(2): Introducing Misbranded Drugs Into Interstate Commerce; 18 U.S.C. § 2: Aiding and Abetting, Causing an Act to Be Done; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| NAM HYUN LEE, aka "Daniel Lee," aka "Daniel Nam Lee," aka "Nam Lee," Defendant. | |
| | **UNDER SEAL** |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

A.   THE DEFENDANT

1.   Defendant NAM HYUN LEE, also known as ("aka") "Daniel Lee," aka "Daniel Nam Lee," aka "Nam Lee" ("LEE"), owned, controlled, and operated Hasim Distribution, Inc. ("Hasim Distribution") from

approximately June 2016 to October 2018, Dalee Supply, Inc. ("Dalee Supply") from approximately October 2016 to October 2018, Rainbow Natural Production, Inc. ("Rainbow Natural Production") from approximately October 2016 to October 2018, and Hasim Enterprise, LLC ("Hasim Enterprise") from approximately January 2017 to October 2018.

a.   Hasim Distribution was a California corporation registered in June 2016 and located in Buena Park, California. Defendant LEE was the registered Chief Executive Officer, Secretary, Chief Financial Officer, Director, and Agent for Service of Process for Hasim Distribution.

b.   Dalee Supply was a California corporation registered in October 2016 and located in Buena Park, California.  Defendant LEE was the registered Chief Executive Officer, Secretary, Chief Financial Officer, and Director for Dalee Supply.

c.   Rainbow Natural Production was a California corporation registered in October 2016 and located in Buena Park, California.  Defendant LEE was the registered Chief Executive Officer, Secretary, Chief Financial Officer, Director, and Agent for Service of Process for Rainbow Natural Production.

d.   Hasim Enterprise was a California corporation registered in February 2017 and located in Cypress, California. Defendant LEE was registered as the sole Manager/Member for Hasim Enterprise, and no individual was listed as the Chief Executive Officer.

2.   Defendant LEE did not possess a valid wholesale drug distribution license, a valid pharmacy license, or a license to prescribe prescription drugs in the State of California.

2

1      3.    Under defendant LEE's direction, Hasim Distribution, Dalee

2 Supply, Rainbow Natural Production, and Hasim Enterprise marketed and

3 distributed male sexual enhancement capsules that contained the

4 undisclosed active pharmaceutical ingredients Tadalafil and

5 Sildenafil.  The male sexual enhancement capsules were marketed under

6 a variety of brand names, including, among others, "Rhino 7

7 Platinum," "Rhino 7 Blue," "Rhino Big Horn," "Orgazen 3000," "Orgazen

8 3500," "Rhino 69 Platinum 9000," "libigrow," "Spanish Fly," "Rhino 8

9 8000," "Black Panther," "Black Stallion," "Black Mamba," "Tiger,"

10 "Rhino 9," "Rhino 8," "Rhino 12," and "Dragon 69."

11 B.   THE FOOD, DRUG, AND COSMETIC ACT

12      4.    The Food and Drug Administration ("FDA") was the federal

13 agency responsible for protecting the health and safety of the

14 American public by enforcing the Food, Drug, and Cosmetic Act, 21

15 U.S.C. § 301 et seq. ("FDCA").  One of the main purposes of the FDCA

16 was to ensure that human drugs sold were safe, effective, and bore

17 labeling containing only true and accurate information.  The FDA's

18 responsibilities under the FDCA included regulating the manufacture,

19 labeling, and distribution of all drugs shipped or received in

20 interstate commerce.

21      5.    The FDCA defined a "drug" to include "articles intended for

22 use in the diagnosis, cure, mitigation, treatment, or prevention of

23 disease in man," and "articles (other than food) intended to affect

24 the structure or any function of the body of man."  21 U.S.C.

25 § 321(g)(1)(B) and (C).

26      6.    A "prescription drug" was any drug which, "because of its

27 toxicity or other potentiality for harmful effect, or the method of

28 its use, or the collateral measures necessary to its use, [was] not

1  safe for use except under the supervision of a practitioner licensed
2  by law to administer such drug"; or any drug that was "limited by an
3  approved application . . . to use under the professional supervision
4  of a practitioner licensed by law to administer such drug."   21
5  U.S.C. § 353(b)(1).

6       7.    Under the FDCA, "label" was defined as "a display of
7  written, printed, or graphic matter upon the immediate container of
8  any article."  21 U.S.C. § 321(k).  The term "labeling," in turn, was
9  defined as "all labels and other written, printed, or graphic matter
10  (1) upon any article or any of its containers or wrappers, or
11  (2) accompanying such article."  21 U.S.C. § 321(m).

12      8.    The FDCA prohibited the introduction, delivery for
13  introduction, or the causing of the introduction or delivery for
14  introduction into interstate commerce of any drug that was
15  misbranded.  21 U.S.C. § 331(a).

16      9.    Under the FDCA, a drug was deemed to be "misbranded" if,
17  among other things, its labeling was false or misleading in any
18  particular, 21 U.S.C. § 352(a), or if its labeling failed to bear
19  adequate directions for use, 21 U.S.C. § 352(f)(1).  "Adequate
20  directions for use" meant directions under which a layperson could
21  use a drug safely and for the purposes for which it was intended.  21
22  C.F.R. § 201.5.

23  C.  THE DRUGS

24      10.   "Viagra" was a drug within the meaning of Title 21, United
25  States Code, Section 321(g)(1), and a prescription drug within the
26  meaning of Title 21, United States Code, Section 353(b)(1).  Viagra
27  was the trade name for Pfizer, Inc.'s FDA-approved erectile

28

1  dysfunction drug containing the active pharmaceutical ingredient
2  Sildenafil.

3      11.  "Cialis" was a drug within the meaning of Title 21, United
4  States Code, Section 321(g)(1), and a prescription drug within the
5  meaning of Title 21, United States Code, Section 353(b)(1).  Cialis
6  was the trade name for Eli Lilly & Company's FDA-approved erectile
7  dysfunction drug containing the active pharmaceutical ingredient
8  Tadalafil.

9      12.  The FDA's approval of Viagra and Cialis was limited to use
10  under the professional supervision of a practitioner licensed by law
11  to administer such drug; therefore, Viagra and Cialis were
12  "prescription" drugs under Title 21, United States Code, Section
13  353(b)(1).  Due to toxicity and other potentially harmful effects
14  (e.g., life-threatening drops in blood pressure; loss of vision; loss
15  of hearing; and prolonged, painful erections that result in permanent
16  injury to the penis), drugs similar to Viagra and Cialis were not
17  safe for use except under the supervision of a practitioner licensed
18  by law to administer them, and they were thus prescription drugs as
19  well.

20      13.  These Introductory Allegations are incorporated into each
21  count of this Indictment as though fully set forth therein.

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but at least as early as on or about December 29, 2015, and continuing to a date unknown to the Grand Jury, but at least on or about October 24, 2018, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant LEE, together with others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally commit offenses against the United States, namely, fraudulently and knowingly importing and bringing into the United States, and causing to be imported and brought into the United States, certain merchandise contrary to law, in violation of Title 18, United States Code, Section 545; and introducing and causing the introduction of misbranded drugs into interstate commerce, with the intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant LEE would order wholesale shipments of bulk Tadalafil and Sildenafil from suppliers in China.

2.   Defendant LEE's suppliers would fail to state the presence of Tadalafil and Sildenafil on the manifests for the shipments and instead state that the packages contained non-controlled substances or other merchandise.

1    3.    Defendant LEE and other co-conspirators would receive the

2 packages containing Tadalafil and Sildenafil from the Chinese

3 suppliers at various business and residential properties under the

4 control of defendant LEE or employees of defendant LEE.

5    4.    Defendant LEE and other co-conspirators would repackage the

6 wholesale quantities of Tadalafil and Sildenafil into smaller

7 quantities and sell them in the form of a capsule as non-prescription

8 herbal male sexual enhancement supplements.

9    5.    Defendant LEE and other co-conspirators would sell the

10 finished capsules to distributors across the United States in

11 packages whose labeling stated that no prescription was necessary and

12 did not disclose the presence of Tadalafil and Sildenafil.

13    6.    Defendant LEE did not seek FDA approval to market these

14 drugs; nor was defendant LEE licensed as a pharmacist in the State of

15 California or otherwise authorized to prescribe or dispense

16 prescription drugs.

17 C.    OVERT ACTS

18    On or about the following dates, in furtherance of the

19 conspiracy and to accomplish its objects, defendant LEE, and others

20 known and unknown to the Grand Jury, committed various overt acts

21 within the Central District of California, and elsewhere, including,

22 but not limited to, the following:

23    Defendant LEE and a Co-Conspirator Agree to Mislabel Shipping

24    Manifests in Order to Pass U.S. Customs

25    Overt Act No. 1:    On or about December 29, 2015, defendant LEE

26 and Co-Conspirator #1 agreed in an email conversation that the

27 product name contained on shipping manifests for packages shipped to

28

1  defendant LEE from Co-Conspirator #1 containing bulk Tadalafil and

2  Sildenafil would be changed in order to pass U.S. customs undetected.

3      Overt Act No. 2:   On or about March 14, 2016, defendant LEE

4  and Co-Conspirator #1 agreed in an email conversation that the

5  product name contained on shipping manifests for packages shipped to

6  defendant LEE containing bulk Tadalafil and Sildenafil would be

7  changed to "Granular Amino Molding Compound" in order to pass customs

8  undetected.

9      <u>Defendant LEE Establishes Corporations and Companies in Order to</u>

10  <u>Manufacture and Sell Misbranded Drugs</u>

11      <u>Overt Act No. 3:</u>   On or about June 15, 2016, defendant LEE

12  caused Hasim Distribution to be established as a corporation through

13  which defendant LEE could manufacture and sell misbranded drugs.

14      <u>Overt Act No. 4:</u>   On or about October 7, 2016, defendant LEE

15  caused Rainbow Natural Production to be established as a corporation

16  through which defendant LEE could manufacture and sell misbranded

17  drugs.

18      <u>Overt Act No. 5:</u>   On or about October 31, 2016, defendant LEE

19  caused Dalee Supply to be established as a corporation through which

20  defendant LEE could manufacture and sell misbranded drugs.

21      <u>Overt Act No. 6:</u>   On or about January 11, 2017, defendant LEE

22  caused Hasim Enterprise to be established as a company through which

23  defendant LEE could manufacture and sell misbranded drugs.

24      <u>Defendant LEE Imports Mislabeled Sildenafil and Tadalafil into</u>

25  <u>the United States</u>

26      <u>Overt Act No. 7:</u>   In or about November 2016, defendant LEE

27  caused one parcel containing approximately 21.4 kilograms of

28

unlabeled bulk Sildenafil to be imported from China to Gardena, California, which was manifested as a "Sample of Pentaerythritol."

Overt Act No. 8:    In or about November 2016, defendant LEE caused one parcel containing approximately 25.10 kilograms of unlabeled bulk Tadalafil and approximately 21.55 kilograms of unlabeled bulk Sildenafil to be imported from China to Fullerton, California, which were manifested as "Acrylic Paint."

Overt Act No. 9:    In or about November 2016, defendant LEE caused one parcel containing approximately 2.05 kilograms of unlabeled bulk Tadalafil to be imported from China to Buena Park, California, which was manifested as "Health Products."

Overt Act No. 10:    In or about June 2017, defendant LEE caused one parcel containing approximately 1.84 kilograms of unlabeled bulk Tadalafil to be imported from China to Buena Park, California, which was manifested as "Glass Bottles."

Defendant LEE Ships Capsules Containing Sildenafil and Tadalafil to Distributors Outside of California

Overt Act No. 11:    On or about July 27, 2016, defendant LEE shipped approximately 1,200 "Rhino 8 8000" capsules, containing the active pharmaceutical ingredients Tadalafil and Sildenafil, to a distributor in Beaumont, Texas.

Overt Act No. 12:    On or about July 27, 2016, defendant LEE shipped approximately 1,200 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Beaumont, Texas.

Overt Act No. 13:    On or about July 28, 2016, defendant LEE shipped approximately 1,200 "Rhino 8 8000" capsules, containing the

active pharmaceutical ingredients Tadalafil and Sildenafil, to a distributor in Beaumont, Texas.

Overt Act No. 14:   On or about July 28, 2016, defendant LEE shipped approximately 1,200 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Beaumont, Texas.

Overt Act No. 15:   On or about September 7, 2016, defendant LEE shipped approximately 2,400 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Beaumont, Texas.

Overt Act No. 16:   On or about October 18, 2016, defendant LEE shipped approximately 1,000 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Baltimore, Maryland.

Overt Act No. 17:   On or about November 28, 2016, defendant LEE shipped approximately 1,200 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Baltimore, Maryland.

Overt Act No. 18:   On or about February 21, 2017, defendant LEE shipped approximately 1,000 "Rhino 69 9000" capsules, containing the active pharmaceutical ingredient Sildenafil, to a distributor in Baltimore, Maryland.

Defendant LEE Obtains Packaging and Labeling Material for Misbranded Drugs and Submits Labeling Material to the FDA that Fails to Disclose the Presence of Sildenafil

Overt Act No. 19:   In or about March 2017, defendant LEE obtained approximately 295 cartons of packaging and labeling material to use to sell products such as "Black Panther," "libigrow," "Black

Stallion," and "Black Mamba," which were misbranded drugs that did not bear FDA-approved labeling, and were labeled as non-prescription herbal male sexual enhancement supplements.

Overt Act No. 20:   On or about February 22, 2018, defendant LEE submitted a "Food Export Certification" to the FDA, along with a label for "Rhino 69 Platinum 9000," verifying that all the ingredients in "Rhino 69 Platinum 9000" were "approved by FDA and appear on the Generally Recognized as Safe List, and each product is intended for human consumption and is available for sale in the U.S. without restriction," when in fact "Rhino 69 Platinum 9000" contained the active pharmaceutical ingredient Sildenafil.

COUNTS TWO THROUGH FOUR

[18 U.S.C. §§ 545, 2]

On or about the following dates, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant LEE fraudulently and knowingly imported and brought into the United States, and willfully caused to be imported and brought into the United States, merchandise, that is, unlabeled bulk Tadalafil and Sildenafil in the following quantities, contrary to law, by introducing into interstate commerce prescription drugs that were misbranded in that their labeling lacked adequate directions for use, contrary to Title 21, United States Code, Sections 331(a), 352(f)(1):

| COUNT | DATE | MERCHANDISE | WEIGHT | DESTINATION |
|-------|------|-------------|--------|-------------|
| TWO | 11/17/16 | Sildenafil | 21.4 kg | Gardena, California |
| THREE | 11/14/16 | Tadalafil | 2.05 kg | Buena Park, California |
| FOUR | 6/13/17 | Tadalafil | 1.84 kg | Buena Park, California |

COUNTS FIVE THROUGH TWELVE

[21 U.S.C. §§ 331(a), 333(a)(2)]

On or about the following dates, in Orange and Los Angeles Counties, within the Central District of California, defendant LEE introduced, and caused the introduction of, the following drugs into interstate commerce, with the intent to defraud and mislead, with the drugs being misbranded pursuant to Title 21, United States Code, Section 352(a)(1), because the drugs' labeling falsely and misleadingly stated "no prescription necessary," even though the drugs were prescription drugs that contained doses of Tadalafil or Sildenafil, or both, and because none of the labeling disclosed the presence of the ingredients Tadalafil or Sildenafil, or both, in the drugs:

| COUNT | DATE | PRODUCT | QUANTITY | RECIPIENT'S LOCATION |
|-------|------|---------|----------|----------------------|
| FIVE | 7/27/16 | Rhino 8 8000 | 1,200 | Beaumont, Texas |
| SIX | 7/27/16 | Rhino 69 9000 | 1,200 | Beaumont, Texas |
| SEVEN | 7/28/16 | Rhino 8 8000 | 1,200 | Beaumont, Texas |
| EIGHT | 7/28/16 | Rhino 69 9000 | 1,200 | Beaumont, Texas |
| NINE | 9/7/16 | Rhino 69 9000 | 2,400 | Beaumont, Texas |
| TEN | 10/18/16 | Rhino 69 9000 | 1,000 | Baltimore, Maryland |
| ELEVEN | 11/28/16 | Rhino 69 9000 | 1,200 | Baltimore, Maryland |
| TWELVE | 2/21/17 | Rhino 69 9000 | 1,000 | Baltimore, Maryland |

FORFEITURE ALLEGATION

[18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given to defendant NAM HYUN LEE, also known as ("aka") "Daniel Lee," aka "Daniel Nam Lee," aka "Nam Lee" ("LEE"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), in the event of the conviction of defendant LEE under any of Counts One through Four of this Indictment.  If so convicted, defendant LEE shall forfeit to the United States the following property:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of each such offense, including but not limited to the following real property located in the City of Fullerton, County of Orange, State of California, described as the property located at 1515 West Domingo Road, Fullerton, California, with Assessor's Parcel Number 287-071-28.  Title to the real property is currently held in the names of defendant LEE's children: Lemuel Lee (40 percent), Yoon Ji Lee (30 percent), and Yoon Jung Lee (30 percent), all of whom are siblings, all as tenants in common; and

(b)   Any and all merchandise introduced into the United States, in violation of Title 18, United States Code, Section 545, or the value thereof.

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

2.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), defendant LEE shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant LEE, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or

///

///

///

deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____
Foreperson

NICOLA T. HANNA
United States Attorney


LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

JAKE D. NARE
Assistant United States Attorney
Santa Ana Branch Office

16