1 | NICOLA T. HANNA
United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
JAKE D. NARE (Cal. Bar No. 272716)
4 | Assistant United States Attorney
Santa Ana Branch Office
5 |    United States Courthouse
   411 West Fourth Street, Suite 8000
6 |    Santa Ana, California 92701
   Telephone: (714) 338-3549
7 |    Facsimile: (714) 338-3561
   E-mail:   jake.nare@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |                     UNITED STATES DISTRICT COURT

11 |                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          SA CR No. 18-00226-JVS

13 |          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                      NAM HYUN LEE
14 |             v.

15 | NAM HYUN LEE,
   aka "Daniel Lee,"
16 | aka "Daniel Nam Lee,"
   aka "Nam Lee,"
17 |
          Defendant.
18 |

19 |     1.    This constitutes the plea agreement between Nam Hyun Lee

20 | ("defendant") and the United States Attorney's Office for the Central

21 | District of California (the "USAO") in the above-captioned case.

22 | This agreement is limited to the USAO and cannot bind any other

23 | federal, state, local, or foreign prosecuting, enforcement,

24 | administrative, or regulatory authorities.

25 |                         DEFENDANT'S OBLIGATIONS

26 |     2.    Defendant agrees to:

27 |          a.    At the earliest opportunity requested by the USAO and

28 | provided by the Court, appear and plead guilty to count two of the

1  indictment in <u>United States v. Nam Hyun Lee,</u> SA CR No. 18-00226-JVS,

2  which charges defendant with importing merchandise contrary to law,

3  in violation of 18 U.S.C. § 545.

4     b. Not contest facts agreed to in this agreement.

5     c. Abide by all agreements regarding sentencing contained

6  in this agreement.

7     d. Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10     e. Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14     f. Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16     g. Pay the applicable special assessment at or before the

17  time of sentencing unless defendant lacks the ability to pay and

18  prior to sentencing submits a completed financial statement on a form

19  to be provided by the USAO.

20     h. Make restitution, and not seek the discharge of any

21  restitution obligation, in whole or in part, in any present or future

22  bankruptcy proceeding.

23    3. Defendant further agrees:

24     a. Truthfully to disclose to law enforcement officials,

25  at a date and time to be set by the USAO, the location of,

26  defendant's ownership interest in, and all other information known to

27  defendant about, all monies, properties, and/or assets of any kind,

28  derived from or acquired as a result of, or used to facilitate the

2

...mission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to all United States currency, property and assets, including the following monies, properties, and/or assets that defendant admits constitute the proceeds of defendant's illegal activity in violation of 18 U.S.C. §§ 371, 545.

i. The property located at 1515 West Domingo Road, Fullerton, California, with Assessor's Parcel Number 287-071-28. Title to the real property is currently held in the names of defendant LEE's children: Lemuel Lee (40 percent), Yoon Ji Lee (30 percent), and Yoon Jung Lee (30 percent), all of whom are siblings, all as tenants in common;

ii. $37,702.57 in bank funds from Open Bank account number ending in last four digits 5415, held in the name of Hasim Distribution Inc., seized on or about November 28, 2018 pursuant to a federal seizure warrant;

iii. $34,820.81 in bank funds from Open Bank account number ending in last four digits 4889, held in the name of Dalee Supply, Inc., seized on or about November 28, 2018 pursuant to a federal seizure warrant;

iv. $3,000.00 in bank funds from Open Bank account number ending in last four digits 5423, held in the name of Hasim Enterprise, LLC, seized on or about November 28, 2018 pursuant to a federal seizure warrant;

v. $150,000.00 in funds from a check drawn from Bank of America account number ending in last four digits 3350, held in the name of Charles Schwab, in the amount of $150,000.00 payable to

3

Yoon Ji Lee and Lemuel Lee that was seized from defendant's residence on or about October 31, 2018 pursuant to federal search and seizure warrants;

vi. $100,000.00 in funds from a check in the amount of $100,000.00 drawn from Bank of America account number ending in last four digits 3350, held in the name of Charles Schwab, payable to Yoon Ji Lee and Lemuel Lee that was seized from defendant's residence on or about October 31, 2018 pursuant to federal search and seizure warrants;

vii. $259,803.00 in bank funds from Bank of Hope account number ending in last four digits 4734, held in the name of Hasim Distribution Inc., seized on or about October 31, 2018 pursuant to a federal seizure warrant;

viii. $969.00 in bank funds from Bank of Hope account number ending in last four digits 4017, held in the name of Dalee Supply, Inc., seized on or about October 31, 2018 pursuant to a federal seizure warrant;

ix. $118,628.07 in bank funds from Wells Fargo Bank account number ending in last four digits 0593, held in the name of Hasim Distribution Inc., seized on or about October 31, 2018 pursuant to a federal seizure warrant;

x. $1,232.58 in bank funds from Wells Fargo Bank account number ending in last four digits 0542, held in the name of Rainbow Natural Production, Inc., seized on or about October 31, 2018 pursuant to a federal seizure warrant;

xi. $1,775.64 in bank funds from Wells Fargo Bank account number ending in last four digits 3553, held in the name of

1  B&J Distribution, Inc., seized on or about October 31, 2018 pursuant
2  to a federal seizure warrant;

3                   xii. $320,890.00 in U.S. Currency seized at
4  defendant's residence in Fullerton, California on or about October
5  31, 2018 pursuant to a federal search warrant;

6                   xiii.    $22,860.00 in U.S. Currency seized at
7  defendant's business in Cypress, California on or about October 31,
8  2018 pursuant to a federal search warrant;

9                   xiv. $2,574.00 in U.S. Currency seized at defendant's
10  business in Cypress, California on or about October 31, 2018 pursuant
11  to a federal search warrant;

12                   xv.   A 2018 Cadillac Escalade, with Vehicle
13  Identification Number 1GYS3AKJ2JR107361, registered to Hasim
14  Distribution Incorporated;

15                   xvi. Any and all pills, capsules, active
16  pharmaceutical ingredients, and other ingredients and packaging
17  materials, seized during the execution of the search warrants related
18  to defendant and defendant's business properties on October 31, 2018,
19  including A-1 Self-Storage, 5081 Lincoln Avenue, Units 20, 26, 243,
20  247, 249, 250, 295, 303, 304, 307, Cypress, California 90630, 5241
21  Lincoln Avenue, #B3, Cypress, California 90630, 10430 Pioneer
22  Boulevard, #3, Santa Fe Springs, California 90670, 5241 Lincoln
23  Avenue, #B6, Cypress, California 90630, 9930 Pioneer Boulevard, #103,
24  Santa Fe Springs, CA 90670, and 1515 W. Domingo Road, Fullerton, CA
25  92833.

26                   xvii.    Blister Packaging Machine, with serial
27  number 1A14Z4351090036; and

28

1    xviii.    YSZ-B Type Tablet and Soft Capsule Printing
2 Machine, with serial number 1000X760X1580MM (collectively, the
3 "Forfeitable Assets").

4    b.    To the Court's entry of an order of forfeiture at or
5 before sentencing with respect to the Forfeitable Assets and the
6 forfeiture of the assets.

7    c.    To take whatever steps are necessary to pass to the
8 United States clear title to the Forfeitable Assets, including,
9 without limitation, the execution of a consent decree of forfeiture
10 and the completing of any other legal documents required for the
11 transfer of title to the United States.

12    d.    Not to contest any administrative forfeiture
13 proceedings or civil judicial proceedings commenced against the
14 Forfeitable Assets.  If defendant submitted a claim and/or petition
15 for remission for all or part of the Forfeitable Assets on behalf of
16 himself or any other individual or entity, defendant shall and hereby
17 does withdraw any such claims or petitions, and further agrees to
18 waive any right he may have to seek remission or mitigation of the
19 forfeiture of the Forfeitable Assets.

20    e.    Not to assist any other individual in any effort
21 falsely to contest the forfeiture of the Forfeitable Assets.

22    f.    Not to claim that reasonable cause to seize the
23 Forfeitable Assets was lacking.

24    g.    To prevent the transfer, sale, destruction, or loss of
25 any and all assets described above to the extent defendant has the
26 ability to do so.

27
28

h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i. That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

k. To deliver to the USAO, within five (5) calendar days of defendant's execution of this Plea Agreement, Releases, in the form of Exhibit A hereto, executed by Lemuel Lee, Yoon Ji Lee, and Yoon Jung Lee, of their right to contest the forfeiture of the Forfeitable Assets.

7

1   4.   In consideration of this plea agreement, the government
2  agrees not to pursue forfeiture against the real property located at
3  7900 18th Street, Westminster, California 92708 in connection with
4  this case.

THE USAO'S OBLIGATIONS

6   5.   The USAO agrees to:

7        a.   Not contest facts agreed to in this agreement.

8        b.   Abide by all agreements regarding sentencing contained
9  in this agreement.

10        c.   At the time of sentencing, move to dismiss the
11  remaining counts of the indictment as against defendant.  Defendant
12  agrees, however, that at the time of sentencing the Court may
13  consider any dismissed charges in determining the applicable
14  Sentencing Guidelines range, the propriety and extent of any
15  departure from that range, and the sentence to be imposed.

16        d.   At the time of sentencing, provided that defendant
17  demonstrates an acceptance of responsibility for the offenses up to
18  and including the time of sentencing, recommend a two-level reduction
19  in the applicable Sentencing Guidelines offense level, pursuant to
20  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
21  additional one-level reduction if available under that section.

22        e.   Recommend that defendant be sentenced to a term of
23  imprisonment no higher than the low end of the applicable Sentencing
24  Guidelines range, provided that the offense level used by the Court
25  to determine that range is 21 or higher.  For purposes of this
26  agreement, the low end of the Sentencing Guidelines range is that
27  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

28

8

1

## NATURE OF THE OFFENSES

2      6.    Defendant understands that for defendant to be guilty of
3  the crime charged in count two, that is, importing merchandise
4  contrary to law in violation of Title 18, United States Code, Section
5  545, the following must be true: (1) defendant knowingly or
6  fraudulently imported or brought into the United States merchandise;
7  (2) the importation or bringing of the merchandise was contrary to 21
8  U.S.C. §§ 331(a), 352(f)(1); and (3) defendant knew that the
9  importation or bringing of the merchandise into the United States was
10  contrary to a law of the United States.

11

## PENALTIES AND RESTITUTION

12      7.    Defendant understands that the statutory maximum sentence
13  that the Court can impose for a violation of Title 18, United States
14  Code, Section 545, is: 20 years imprisonment; a 3-year period of
15  supervised release; a fine of $250,000 or twice the gross gain or
16  gross loss resulting from the offense, whichever is greatest; and a
17  mandatory special assessment of $100.

18      8.    Defendant understands that defendant will be required to
19  pay full restitution to the victims of the offense to which defendant
20  is pleading guilty.  Defendant agrees that, in return for the USAO's
21  compliance with its obligations under this agreement, the Court may
22  order restitution to persons other than the victims of the offenses
23  to which defendant is pleading guilty and in amounts greater than
24  those alleged in the count to which defendant is pleading guilty.  In
25  particular, defendant agrees that the Court may order restitution to
26  any victim of any of the following for any losses suffered by that
27  victim as a result:  (a) any relevant conduct, as defined in U.S.S.G.
28  § 1B1.3, in connection with the offense to which defendant is

1 pleading guilty; and (b) any counts dismissed pursuant to this
2 agreement as well as all relevant conduct, as defined in U.S.S.G.
3 § 1B1.3, in connection with those counts.

4     9.    Defendant understands that supervised release is a period
5 of time following imprisonment during which defendant will be subject
6 to various restrictions and requirements.  Defendant understands that
7 if defendant violates one or more of the conditions of any supervised
8 release imposed, defendant may be returned to prison for all or part
9 of the term of supervised release authorized by statute for the
10 offense that resulted in the term of supervised release, which could
11 result in defendant serving a total term of imprisonment greater than
12 the statutory maximum stated above.

13     10.    Defendant understands that, by pleading guilty, defendant
14 may be giving up valuable government benefits and valuable civic
15 rights, such as the right to vote, the right to possess a firearm,
16 the right to hold office, and the right to serve on a jury.
17 Defendant understands that once the court accepts defendant's guilty
18 plea, it will be a federal felony for defendant to possess a firearm
19 or ammunition.  Defendant understands that the conviction in this
20 case may also subject defendant to various other collateral
21 consequences, including but not limited to revocation of probation,
22 parole, or supervised release in another case and suspension or
23 revocation of a professional license.  Defendant understands that
24 unanticipated collateral consequences will not serve as grounds to
25 withdraw defendant's guilty plea.

26     11.    Defendant understands that, if defendant is not a United
27 States citizen, the felony conviction in this case may subject
28 defendant to: removal, also known as deportation, which may, under

1  some circumstances, be mandatory; denial of citizenship; and denial
2  of admission to the United States in the future.  The court cannot,
3  and defendant's attorney also may not be able to, advise defendant
4  fully regarding the immigration consequences of the felony conviction
5  in this case.  Defendant understands that unexpected immigration
6  consequences will not serve as grounds to withdraw defendant's guilty
7  plea.

## FACTUAL BASIS

9  12.  Defendant admits that defendant is, in fact, guilty of the
10  offense to which defendant is agreeing to plead guilty.  Defendant
11  and the USAO agree to the statement of facts provided below and agree
12  that this statement of facts is sufficient to support a plea of
13  guilty to the charge described in this agreement and to establish the
14  Sentencing Guidelines factors set forth in paragraph 13 below but is
15  not meant to be a complete recitation of all facts relevant to the
16  underlying criminal conduct or all facts known to either party that
17  relate to that conduct.

18  Beginning no later than December 29, 2015, defendant and others
[handwritten: November 2, 2016]
19  conspired to fraudulently and knowingly import and bring into the
20  United States and cause to be imported and brought into the United
21  States, certain merchandise contrary to law, in violation of Title
22  18, United States Code, Section 545; and introduce and cause the
23  introduction of misbranded drugs into interstate commerce, with the
24  intent to defraud and mislead, in violation of Title 21, United
25  States Code, Sections 331(a), 333(a)(2).

26  In furtherance of the conspiracy, defendant imported Tadalafil,
27  the active pharmaceutical ingredient in the prescription drug Cialis,
28  and Sildenafil, the active pharmaceutical ingredient in the

11

1   prescription drug Viagra, from China, with an intent to manufacture
2   and distribute millions of male sexual enhancement pills under a
3   variety of brand names that he then shipped to distributors across
4   the country.  The pills' labeling did not disclose the presence of
5   Tadalafil or Sildenafil, and defendant's labels falsely stated that
6   no prescription was necessary or failed to state that a prescription
7   was necessary.

8         A.   Operation of Businesses to Carry Out the Scheme

9         Defendant operated and controlled at least four businesses to
10  carry out his scheme, all of which were located in the Central
11  District of California.  Defendant owned, controlled, and operated
12  Hasim Distribution, Inc. from approximately June 2016 to October
13  2018, Dalee Supply, Inc. from approximately October 2016 to October
14  2018, Rainbow Natural Production, Inc. from approximately October
15  2016 to October 2018, and Hasim Enterprise, LLC from approximately
16  January 2017 to October 2018.  Defendant created and operated these
17  businesses in order to market and distribute male sexual enhancement
18  capsules that contained the undisclosed active pharmaceutical
19  ingredients Tadalafil and Sildenafil.  The male sexual enhancement
20  capsules were marketed under a variety of brand names, including,
21  among others, "Rhino 7 Platinum," "Rhino 7 Blue," "Rhino Big Horn,"
22  "Orgazen 3000," "Orgazen 3500," "Rhino 69 Platinum 9000," "libigrow,"
23  "Rhino 8 8000," "Rhino 9," "Rhino 8," and "Rhino 12,"

24        B.   Defendant's Importing of Tadalafil and Sildenafil from
25             China

26        Defendant began importing bulk Tadalafil and Sildenafil powder
27  from China in 2016, at the latest.  Defendant would order wholesale
28  shipments of bulk Tadalafil and Sildenafil from suppliers in China.

12

Defendant's suppliers, with agreement from defendant, would fail to disclose the presence of Tadalafil and Sildenafil on the manifests for the shipments, and instead state that the packages contained non-controlled substances or other merchandise such as "Health Products," "Glass Bottles," and "Acrylic Paint."  Defendant and other co-conspirators would then receive the packages containing Tadalafil and Sildenafil from the Chinese suppliers at various business and residential properties under the control of defendant or co-conspirators of defendant.

Beginning in November of 2016, shipments of Tadalafil and Sildenafil that defendant had imported from China were seized by U.S. Customs and Border Protection ("CBP") in California.  Defendant, or an associate of defendant who defendant arranged to receive the shipments for him, received notice of the seizures.

Defendant knowingly and fraudulently imported into the United States unlabeled bulk Tadalafil and Sildenafil from China in shipments that were seized by CBP on or about the following dates:

| DATE SEIZED | MERCHANDISE | MANIFESTED AS | WEIGHT (KG) | DESTINATION |
|---|---|---|---|---|
| 11/2/16 | ~~Tadalafil~~ Sildenafil | Acrylic Paint | 21.55 | Fullerton, California |
| 11/14/16 | Tadalafil | Health Products | 2.05 | Buena Park, California |
| 12/20/16 | Sildenafil | Sample of Pentaerythritol | 21.4 | Gardena, California |
| 6/16/17 | Tadalafil | Glass Bottles | 1.84 | Buena Park, California |

Defendant knowingly caused the importation of additional shipments of Tadalafil and Sildenafil from China into the United States to use as an ingredient for his improperly labeled male sexual enhancement pills.  As defendant knew, all of the importation of

13

1  Tadalafil and Sildenafil from China into the United States was
2  contrary to a law of the United States, specifically, 21 U.S.C.
3  § 331(a).

4      C.   Defendant's Manufacturing, Labelling, and Distribution of
5         the Pills

6  After receiving the bulk shipments of Tadalafil and Sildenafil
7  from China, defendant and other co-conspirators would repackage the
8  wholesale quantities of Tadalafil and Sildenafil into smaller
9  quantities and sell them in the form of a capsule as non-prescription
10  herbal male sexual enhancement supplements.  Defendant did not seek
11  FDA approval to market these drugs; nor was defendant licensed as a
12  pharmacist in the State of California or otherwise authorized to
13  prescribe or dispense prescription drugs.

14  Defendant and other co-conspirators would then sell the finished
15  capsules to distributors across the United States in packages whose
16  labeling stated that no prescription was necessary or failed to state
17  that a prescription was necessary, and did not disclose the presence
18  of Tadalafil and Sildenafil.  Defendant did not disclose the presence
19  of Tadalafil or Sildenafil on his products' packaging because
20  defendant knew that he could not legally use Tadalafil or Sildenafil
21  in his products.  Specifically, on or about the following dates, in
22  Orange and Los Angeles Counties, defendant introduced, and caused the
23  introduction of, the following drugs into interstate commerce, with
24  the intent to defraud and mislead, with the drugs being misbranded
25  pursuant to Title 21, United States Code, Section 352(a)(1), because
26  the drugs' labeling falsely and misleadingly stated "no prescription
27  necessary," even though the drugs were prescription drugs that
28  contained doses of Tadalafil or Sildenafil, or both, and because none

14

of the labeling disclosed the presence of the ingredients Tadalafil or Sildenafil, or both, in the drugs:

| DATE | PRODUCT | QUANTITY | RECIPIENT'S LOCATION |
|------|---------|----------|----------------------|
| 7/27/16 | Rhino 8 8000 | 1,200 | Beaumont, Texas |
| 7/27/16 | Rhino 69 9000 | 1,200 | Beaumont, Texas |
| 7/28/16 | Rhino 8 8000 | 1,200 | Beaumont, Texas |
| 7/28/16 | Rhino 69 9000 | 1,200 | Beaumont, Texas |
| 9/7/16 | Rhino 69 9000 | 2,400 | Beaumont, Texas |
| 10/18/16 | Rhino 69 9000 | 1,000 | Baltimore, Maryland |
| 11/28/16 | Rhino 69 9000 | 1,200 | Baltimore, Maryland |
| 2/21/17 | Rhino 69 9000 | 1,000 | Baltimore, Maryland |

Between February 2016 and October 2018, defendant sold misbranded pills resulting in a loss between $3,500,000 and $9,500,000.  Thousands of individuals around the United States consumed defendant's misbranded pills.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

1   appropriate up to the maximum set by statute for the crimes of
2   conviction.

3       14.   Defendant and the USAO agree to the following applicable
4   Sentencing Guidelines factors:

5       Base Offense Level:            6        [U.S.S.G. §§ 2T3.1(c)
6                                               2N2.1(a)]

7       Specific Offense
        Characteristics:
8
9       Gain:                        +18      [U.S.S.G. § 2B1.1(b)(1)(J),
                                               cmt. 3(B), 3(F)(v)]

10      Acceptance of Responsibility:   -3         [U.S.S.G. § 3E1.1]
11  The USAO will agree to a two-level downward adjustment for acceptance
12  of responsibility (and, if applicable, move for an additional one-
13  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
14  conditions set forth in paragraph 4(d) are met and if defendant has
15  not committed, and refrains from committing, acts constituting
16  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
17  discussed below.  Subject to paragraphs 14 and 27 below, defendant
18  and the USAO agree not to seek, argue, or suggest in any way, either
19  orally or in writing, that any other specific offense
20  characteristics, adjustments, or departures relating to the offense
21  level be imposed.  Defendant agrees, however, that if, after signing
22  this agreement but prior to sentencing, defendant were to commit an
23  act, or the USAO were to discover a previously undiscovered act
24  committed by defendant prior to signing this agreement, which act, in
25  the judgment of the USAO, constituted obstruction of justice within
26  the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the
27  enhancement set forth in that section and to argue that defendant is

28

16

1  not entitled to a downward adjustment for acceptance of
2  responsibility under U.S.S.G. § 3E1.1.

3     15.  The government reserves the right to argue and seek a two-
4  level enhancement for 10 or more victims, pursuant to U.S.S.G.
5  § 2B1.1(b)(2)(A).

6     16.  Defendant understands that there is no agreement as to
7  defendant's criminal history or criminal history category.

8     17.  Defendant reserves the right to argue for a sentence
9  outside the sentencing range established by the Sentencing Guidelines
10  based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2),
11  (a)(3), (a)(6), and (a)(7).

12  WAIVER OF CONSTITUTIONAL RIGHTS

13     18.  Defendant understands that by pleading guilty, defendant
14  gives up the following rights:

15       a.  The right to persist in a plea of not guilty.

16       b.  The right to a speedy and public trial by jury.

17       c.  The right to be represented by counsel -- and if
18  necessary have the court appoint counsel -- at trial.  Defendant
19  understands, however, that, defendant retains the right to be
20  represented by counsel -- and if necessary have the court appoint
21  counsel -- at every other stage of the proceeding.

22       d.  The right to be presumed innocent and to have the
23  burden of proof placed on the government to prove defendant guilty
24  beyond a reasonable doubt.

25       e.  The right to confront and cross-examine witnesses
26  against defendant.

27

28

17

1              f.    The right to testify and to present evidence in

2    opposition to the charges, including the right to compel the

3    attendance of witnesses to testify.

4              g.    The right not to be compelled to testify, and, if

5    defendant chose not to testify or present evidence, to have that

6    choice not be used against defendant.

7              h.    Any and all rights to pursue any affirmative defenses,

8    Fourth Amendment or Fifth Amendment claims, and other pretrial

9    motions that have been filed or could be filed.

10                            WAIVER OF APPEAL OF CONVICTION

11       19.   Defendant understands that, with the exception of an appeal

12   based on a claim that defendant's guilty plea was involuntary, by

13   pleading guilty defendant is waiving and giving up any right to

14   appeal defendant's conviction on the offense to which defendant is

15   pleading guilty.  Defendant understands that this waiver includes,

16   but is not limited to, arguments that the statutes to which defendant

17   is pleading guilty are unconstitutional, and any and all claims that

18   the statement of facts provided herein is insufficient to support

19   defendant's plea of guilty.

20           LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21       20.   Defendant agrees that, provided the Court imposes a total

22   term of imprisonment on the count of conviction of no more than 57

23   months, defendant gives up the right to appeal all of the following:

24   (a) the procedures and calculations used to determine and impose any

25   portion of the sentence; (b) the term of imprisonment imposed by the

26   Court; (c) the fine imposed by the court, provided it is within the

27   statutory maximum; (d) to the extent permitted by law, the

28   constitutionality or legality of defendant's sentence, provided it is

18

1  within the statutory maximum; (e) the amount and terms of any
2  restitution order; (f) the term of probation or supervised release
3  imposed by the Court, provided it is within the statutory maximum;
4  and (g) any of the following conditions of probation or supervised
5  release imposed by the Court: the conditions set forth in General
6  Orders 318 and 18-10 of this Court; the drug testing conditions
7  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
8  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

9    21.   The USAO agrees that, provided (a) all portions of the
10 sentence are at or below the statutory maximum specified above, and
11 (b) the Court imposes a term of imprisonment of no less than 37
12 months, the USAO gives up its right to appeal any portion of the
13 sentence.

14                 RESULT OF WITHDRAWAL OF GUILTY PLEA

15   22.   Defendant agrees that if, after entering a guilty plea
16 pursuant to this agreement, defendant seeks to withdraw and succeeds
17 in withdrawing defendant's guilty plea on any basis other than a
18 claim and finding that entry into this plea agreement was
19 involuntary, then (a) the USAO will be relieved of all of its
20 obligations under this agreement; and (b) should the USAO choose to
21 pursue any charge that was either dismissed or not filed as a result
22 of this agreement, then (i) any applicable statute of limitations
23 will be tolled between the date of defendant's signing of this
24 agreement and the filing commencing any such action; and
25 (ii) defendant waives and gives up all defenses based on the statute
26 of limitations, any claim of pre-indictment delay, or any speedy
27 trial claim with respect to any such action, except to the extent

28

                                19

1 that such defenses existed as of the date of defendant's signing this
2 agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

4     23. Defendant agrees that if the count of conviction is
5 vacated, reversed, or set aside, both the USAO and defendant will be
6 released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

8     24. This agreement is effective upon signature and execution of
9 all required certifications by defendant, defendant's counsel, and an
10 Assistant United States Attorney.

### BREACH OF AGREEMENT

12     25. Defendant agrees that if defendant, at any time after the
13 signature of this agreement and execution of all required
14 certifications by defendant, defendant's counsel, and an Assistant
15 United States Attorney, knowingly violates or fails to perform any of
16 defendant's obligations under this agreement ("a breach"), the USAO
17 may declare this agreement breached. All of defendant's obligations
18 are material, a single breach of this agreement is sufficient for the
19 USAO to declare a breach, and defendant shall not be deemed to have
20 cured a breach without the express agreement of the USAO in writing.
21 If the USAO declares this agreement breached, and the Court finds
22 such a breach to have occurred, then: (a) if defendant has previously
23 entered a guilty plea pursuant to this agreement, defendant will not
24 be able to withdraw the guilty plea, and (b) the USAO will be
25 relieved of all its obligations under this agreement.

26     26. Following the Court's finding of a knowing breach of this
27 agreement by defendant, should the USAO choose to pursue any charge,
28 then:

1         a.    Defendant agrees that any applicable statute of
2   limitations is tolled between the date of defendant's signing of this
3   agreement and the filing commencing any such action.

4         b.    Defendant waives and gives up all defenses based on
5   the statute of limitations, any claim of pre-indictment delay, or any
6   speedy trial claim with respect to any such action, except to the
7   extent that such defenses existed as of the date of defendant's
8   signing this agreement.

9         c.    Defendant agrees that: (i) any statements made by
10  defendant, under oath, at the guilty plea hearing (if such a hearing
11  occurred prior to the breach); (ii) the agreed to factual basis
12  statement in this agreement; and (iii) any evidence derived from such
13  statements, shall be admissible against defendant in any such action
14  against defendant, and defendant waives and gives up any claim under
15  the United States Constitution, any statute, Rule 410 of the Federal
16  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
17  Procedure, or any other federal rule, that the statements or any
18  evidence derived from the statements should be suppressed or are
19  inadmissible.

20  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
21  OFFICE NOT PARTIES

22     27.  Defendant understands that the Court and the United States
23  Probation and Pretrial Services Office are not parties to this
24  agreement and need not accept any of the USAO's sentencing
25  recommendations or the parties' agreements to facts or sentencing
26  factors.

27     28.  Defendant understands that both defendant and the USAO are
28  free to: (a) supplement the facts by supplying relevant information

1  to the United States Probation and Pretrial Services Office and the

2  Court, (b) correct any and all factual misstatements relating to the

3  Court's Sentencing Guidelines calculations and determination of

4  sentence, and (c) argue on appeal and collateral review that the

5  Court's Sentencing Guidelines calculations and the sentence it

6  chooses to impose are not error, although each party agrees to

7  maintain its view that the calculations in paragraph 14 are

8  consistent with the facts of this case.  While this paragraph permits

9  both the USAO and defendant to submit full and complete factual

10 information to the United States Probation and Pretrial Services

11 Office and the Court, even if that factual information may be viewed

12 as inconsistent with the facts agreed to in this agreement, this

13 paragraph does not affect defendant's and the USAO's obligations not

14 to contest the facts agreed to in this agreement.

15      29.  Defendant understands that even if the Court ignores any

16 sentencing recommendation, finds facts or reaches conclusions

17 different from those agreed to, and/or imposes any sentence up to the

18 maximum established by statute, defendant cannot, for that reason,

19 withdraw defendant's guilty plea, and defendant will remain bound to

20 fulfill all defendant's obligations under this agreement.  Defendant

21 understands that no one -- not the prosecutor, defendant's attorney,

22 or the Court -- can make a binding prediction or promise regarding

23 the sentence defendant will receive, except that it will be within

24 the statutory maximum.

25                        NO ADDITIONAL AGREEMENTS

26      30.  Defendant understands that, except as set forth herein,

27 there are no promises, understandings, or agreements between the USAO

28 and defendant or defendant's attorney, and that no additional

                                   22

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

4       31.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 NICOLA T. HANNA
   United States Attorney

11

12 _____          September 28, 2020
   JAKE D. NARE                             _____
13 Assistant United States Attorney         Date

14 _____          9/28/20
   NAM HYUN LEE                             _____
15 Defendant                                Date

16 _____          9/28/20
   MICHAEL IAN GAREY                        _____
17 Attorney for Defendant NAM HYUN LEE      Date

18

19

20            <u>CERTIFICATION OF DEFENDANT</u>

21      I have read this agreement in its entirety.  I have had enough

22 time to review and consider this agreement, and I have carefully and

23 thoroughly discussed every part of it with my attorney.  I understand

24 the terms of this agreement, and I voluntarily agree to those terms.

25 I have discussed the evidence with my attorney, and my attorney has

26 advised me of my rights, of possible pretrial motions that might be

27 filed, of possible defenses that might be asserted either prior to or

28 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                              23

1  of relevant Sentencing Guidelines provisions, and of the consequences
2  of entering into this agreement.  No promises, inducements, or
3  representations of any kind have been made to me other than those
4  contained in this agreement.  No one has threatened or forced me in
5  any way to enter into this agreement.  I am satisfied with the
6  representation of my attorney in this matter, and I am pleading
7  guilty because I am guilty of the charges and wish to take advantage
8  of the promises set forth in this agreement, and not for any other
9  reason.

10

11  _____                    ____9/28/20____
    NAM HYUN LEE                                     Date
12  Defendant

13

14

15                 CERTIFICATION OF DEFENDANT'S ATTORNEY

16       I am Nam Hyun Lee's attorney.  I have carefully and thoroughly
17  discussed every part of this agreement with my client.  Further, I
18  have fully advised my client of his rights, of possible pretrial
19  motions that might be filed, of possible defenses that might be
20  asserted either prior to or at trial, of the sentencing factors set
21  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
22  provisions, and of the consequences of entering into this agreement.
23  To my knowledge: no promises, inducements, or representations of any
24  kind have been made to my client other than those contained in this
25  agreement; no one has threatened or forced my client in any way to
26  enter into this agreement; my client's decision to enter into this
27  agreement is an informed and voluntary one; and the factual basis set

28

                                  24

1   forth in this agreement is sufficient to support my client's entry of

2   a guilty plea pursuant to this agreement.

3

4   MICHAEL IAN GAREY                                        9/28/20
    Attorney for Defendant NAM HYUN LEE              Date

5

6

7

8   ID# 301033  Korean Interpreter.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25