NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JAKE D. NARE (Cal. Bar No. 272716)
Assistant United States Attorney
Santa Ana Branch Office
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3549
    Facsimile: (714) 338-3561
    E-mail:   jake.nare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 18-00226-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT NAM HYUN LEE |
| v. | **Hearing Date:** January 25, 2021 |
| NAM HYUN LEE,<br>  aka "Daniel Lee,"<br>  aka "Daniel Nam Lee,"<br>  aka "Nam Lee," | **Time:** 8:30 a.m.<br>**Place:** Courtroom of the<br>           Hon. James V. Selna |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and Assistant United States Attorney Jake D. Nare, hereby files its Sentencing Position.

///

///

1    This submission is based upon the attached memorandum of points

2  and authorities, the Presentence Investigation Report disclosed on

3  December 14, 2020, the Recommendation Letter disclosed on December

4  14, 2020, the files and records in this case, and such further

5  evidence and argument as the Court may permit.

6  Dated: January 4, 2021          Respectfully submitted,

7                                  NICOLA T. HANNA
                                   United States Attorney
8
9                                  BRANDON D. FOX
                                   Assistant United States Attorney
10                                 Chief, Criminal Division

11                                     /s/ *Jake D. Nare*
                                   _____
12                                 JAKE D. NARE
                                   Assistant United States Attorney
13
14                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 29, 2020, defendant Nam Hyun Lee ("defendant") pleaded guilty to count-two of a twelve count indictment charging him with importing merchandise contrary to law, in violation of 18 U.S.C. § 545.

In the Presentence Investigation Report ("PSR"), the United States Probation and Pretrial Services Office ("USPO") calculated a total offense level of 27. (PSR ¶ 76.) The calculated total offense level includes a base offense level of 6 pursuant to U.S.S.G. §§ 2T3.1(c) 2N2.1(a), and 2B1.1(a)(1), an eighteen-level enhancement for a loss amount, as measured by defendant's gain, of between $3,500,000 and $9,500,000, a two-level enhancement for ten or more victims, pursuant to U.S.S.G. §2B1.1(b)(2)(A)(i), a four-level enhancement for an aggravating role adjustment pursuant to U.S.S.G. § 3B1.1, and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b). (PSR ¶¶ 56-76.) The USPO further calculated a Criminal History Category of I, and a resulting Sentencing Guidelines range of 70-87 months' imprisonment. (PSR ¶¶ 83, 123.) The USPO recommends a sentence of 78 months' imprisonment, a three-year term of supervised release, and a mandatory $100 special assessment. The USPO further recommends that the defendant pay restitution pursuant to 18 U.S.C. § 3663A to victim S.S. following a final determination of the victim's losses at a deferred restitution hearing.

1  **II.   POSITION RE: PSR AND SENTENCING POSITION**

2        The government has no objection to the material factual

3  information contained in the PSR.  The government requests that the

4  Court adopt the undisputed portions of the PSR as its findings of

5  fact for purposes of sentencing defendant.  See Fed. R. Crim. P.

6  32(i)(3)(A).

7        The government agrees with the USPO that defendant's base

8  offense level is 6 and that he is subject to an eighteen-level

9  enhancement for a loss amount between $3,500,000 and $9,500,000.  The

10 government is also in agreement with a two-level enhancement for ten

11 or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) for the

12 reasons stated in the PSR and the agreed upon factual basis in the

13 plea agreement.[1]  Specifically, in the factual basis, defendant

14 admitted to selling mislabeled pills "to distributors across the

15 United States in packages whose labeling stated that no prescription

16 was necessary or failed to state that a prescription was necessary,

17 and did not disclose the presence of Tadalafil and Sildenafil" and

18 that "[t]housands of individuals around the United States consumed

19 defendant's misbranded pills."  (Dkt. 50 at pages 14-15.)  The

20 government believes that these individuals are properly construed as

21 victims because they consumed defendant's fraudulent and mislabeled

22 pills.

23       The government objects to the application of a four-level

24 enhancement for aggravating role, pursuant to U.S.S.G. § 3B1.1, and

25 recommends, in accordance with the plea agreement, that this Court

26

27      [1] In the plea agreement, the government reserved the right to
28 seek a two-level enhancement for 10 or more victims, pursuant to
   U.S.S.G. § 2B1.1(b)(2)(A).  (Dkt. 50 at ¶ 15.)

apply a total offense level 23 in order to ensure that defendant receives the benefit of his bargain.  A total offense level of 23 and a criminal history category of I results in a Sentencing Guideline's range of 46 to 57 months' imprisonment.

Based upon the factors set forth below, and the appropriate sentencing considerations under 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose the following sentence: (1) a low-end Guidelines sentence of 46 months' imprisonment; (2) a three-year period of supervised release, pursuant to U.S.S.G. §§ 5D1.1 and 5D1.2; and (3) a $100 mandatory special assessment.

III.  **FACTUAL BACKGROUND**

As detailed in the PSR, beginning in 2015, the defendant imported Tadalafil, the active pharmaceutical ingredient in the prescription drug Cialis, and Sildenafil, the active pharmaceutical ingredient in the prescription drug Viagra, from China.  (PSR ¶ 22.) Defendant imported the drugs for the purpose of manufacturing and distributing counterfeit male sexual enhancement pills under various brand names to unwitting consumers across the country.  (Id.)

Defendant's pills did not disclose the presence Tadalafil or Sildenafil, and defendant's labels falsely stated that no prescription was necessary or failed to state that a prescription was necessary.  (PSR ¶ 23.)  Between February 2016 and October 2018, defendant's sales of misbranded pills totaled between $3,500,000 and $9,500,000.  (PSR ¶ 45.)  Thousands of individuals around the United States purchased and consumed defendant's misbranded pills.  (Id.)

In order to carry out the scheme, defendant created and controlled four business in California.  (PSR ¶ 24.)  Defendant operated these businesses out of large warehouses where he would

3

produce and distribute the counterfeit drugs.  (PSR ¶ 26.)  During the operation of his businesses, defendant took active steps to conceal the scheme from authorities, including coordinating with shippers from China to mislabel bulk Tadalafil and Sildenafil in order to import the drugs into the United States.  (PSR ¶¶ 29-31.) Defendant then created the formula for the pills and, using his employees, completed the encapsulating process before shipping the mislabeled drugs to distributors and businesses across the country. (PSR ¶¶ 36-40.)  The drugs would then be sold to the general public at liquor, gas, and convenience stores.  (PSR ¶¶ 36-40.)

## IV.  THE GOVERNMENT'S SENTENCING POSITION

Based on the foregoing, the government recommends that defendant be sentenced to 46 months' imprisonment, a three-year period of supervised release, and a $100 mandatory special assessment.  The government's recommended sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Section 3553(a)(1) requires consideration of the nature and circumstances of defendant's crime in determining an appropriate sentence.  The government's recommended sentence of 46 months' imprisonment reflects the seriousness of defendant's crimes and defendant's role in the crimes.  Defendant organized the importation of bulk active pharmaceutical ingredients into the United States from China under false pretenses.  He then used this bulk powder to sell counterfeit prescription drugs across the United States totaling millions in sales.  At least one of the consumers of defendant's drugs, Victim S.S., suffered a serious medical condition after taking defendant's counterfeit pills.  (PSR ¶¶ 46-53.)  In other words,

1  defendant disregarded risks associated with selling misbranded pills

2  to consumers for significant financial gain.

3      Section 3553(a)(1) also calls for factoring the history and

4  characteristics of the defendant into his sentence.  In mitigation,

5  defendant has a criminal history score of zero and is willingly

6  forfeiting a substantial amount of money and property he obtained

7  through selling counterfeit pharmaceutical pills.

8      However, these mitigating factors must be considered along with

9  defendant's demonstrated lack of respect for the law by operating his

10 scheme for several years and failing to abide by an order of removal

11 from the United States.  Specifically, defendant's criminal activity

12 followed an order of removal from the United States after defendant

13 overstayed his visa.  (PSR ¶ 78.)  On October 13, 2009, after being

14 ordered removed, defendant and his family were granted voluntary

15 departure by the U.S. Immigration Court.  (PSR ¶¶ 78-79.)  Defendant

16 then failed to abide by the terms of his voluntary departure,

17 remained in the United States, and years later engaged in the

18 criminal activity for which he is now charged.

19     The recommended sentence will also deter others from engaging in

20 similar conduct or continuing defendant's operations now that he is

21 in custody.

22 **V.    RESTITUTION**

23     The government agrees with the recitation of facts related to

24 Victim S.S. as detailed in the PSR and believes that he is entitled

25 to restitution.  (PSR ¶¶ 46-53.)  The government is currently seeking

26 information related to Victim S.S.'s losses.  In the event that

27 restitution is not finalized at the time of sentencing, the

28 government would respectfully request a deferred restitution hearing

under 18 U.S.C. § 3664(d)(5), up to 90 days from the date of sentencing.

**VI.   CONCLUSION**

The government thus respectfully recommends that the Court impose a sentence of 46 months' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.